UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, et al.,<br><br>Defendants. | Civil Action No. 12-4947 (MAS)<br><br>ORDER |

THIS MATTER comes before the Court on November 15, 2012, by way of a joint letter ("Nov. 15 Letter") in which the parties seek a ruling from this Court as to whether the use by Defendants Christopher J. Christie, David L. Rebuck, and Frank Zanzuccki (collectively referred to as "Defendants") at deposition of documents not previously produced by either Defendants or by Plaintiffs National Collegiate Athletic Association, National Basketball Association, National Football League, National Hockey League, and Office of Baseball doing business as Major League Baseball (collective referred to as "Plaintiffs") violates the parties' obligations under the Court's October 19, 2012 Order ("October 19 Order").

Specifically, pursuant to this Court's October 19 Order, the parties were required to serve their Rule 26 disclosures, as well as "documents in their possession, custody and control on which they intend to rely no later than October 29, 2012." October 19 Order. In or around October 29, 2012, Defendants served certain documents as well as their Rule 26 Disclosure and stated that they may use "Documents and electronically stored information that are in Defendants' possession, custody, or control" to support their defenses including documents

1

referenced in Defendants' Motion to Dismiss, the legislative history for N.J.S.A. § 5:12A-1 and other documents produced in discovery.  Nov. 15 Letter at 2.

Depositions commenced in this case on October 30, 2012.  During the initial deposition, Plaintiffs objected to Defendants' use of certain exhibits that had not been produced on October 29, 2012.  Thereafter, at subsequent depositions conducted on November 2 and November 6, Plaintiffs again objected to Defendants' use of documents that had not been produced.  Plaintiffs contend that because Defendants used various documents at these depositions without having produced them beforehand, Defendants violated the October 19 Order as well as their obligations under the Federal Rules regarding discovery.  As a result, Plaintiffs seek a ruling from this Court prohibiting Defendants "from utilizing or relying on in any way documents that were shown to deponents but not produced prior to October 29, 2012."  Nov. 15 Letter at 3.

In response, Defendants argue that the documents at issue were not documents within Defendants' "possession, custody, and control," but were, instead, "print-outs from Plaintiffs' own websites and other publicly-available documents."  Nov. 15 Letter at 3.  For example, Defendants note that the documents they used at depositions included: "(a) print-outs from NFL.com . . .; (b) a copy of one of the statutes (concerning internet gambling) that Plaintiffs supported and discussed in their declarations; and (c) news articles and other publicly available web sites regarding Plaintiffs' involvement with sports gambling, fantasy football, and related activities."  *Id.*  Moreover, Defendants argue that because many of the documents they used at the depositions came from Plaintiffs' own websites, Plaintiffs "should have produced these documents in response to Defendants' requests." *Id.* at 4.

The Court has considered the arguments of counsel.  Because of the expedited schedule in

2

this case, which was the subject of considerable negotiation and which requires fact discovery to be completed by November 19, 2012, the Court considers the issue raised without oral argument pursuant to Rule 78.

At the outset, the Court notes that it is well-established that "discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995 (S.D.N.Y.1973). "This observation is consistent with the federal rule governing the production of documents and things, Fed.R.Civ.P. 34, which permits a party to request from another party, limited to those documents and things 'which are in the possession, custody, or control of the party upon whom the request is served.'" *Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc.*, 425 F.Supp.2d 352, 375 (W.D.N.Y.2006) (quoting Fed.R.Civ.P. 34(a)(1)).

Here, Defendants contend, and Plaintiffs do not contest or deny, that the documents at issue were within Plaintiffs' possession, custody or control. Moreover, Plaintiffs do not dispute that they did not produce these documents to Defendants despite the fact that the documents used at the depositions are, arguably, relevant to the matters at issue in this case. Further, although the issue regarding the documents that are the subject of this dispute first surfaced on October 30, 2012, Plaintiffs failed to bring it to the Court's attention until November 15, 2012, two weeks after depositions commenced and just two business days before the depositions of Plaintiffs are to be completed.

For the foregoing reasons, the Court finds that Defendants' use at deposition of publicly available documents that had not previously been produced does not violate the parties' obligations under the October 19 Order or the Federal Rules. For these reasons, and for good

cause shown,

    **IT IS** on this **16th** day of **November, 2012,**

    **ORDERED** that Plaintiffs' request to bar Defendants from utilizing or relying on the documents at issue, or any testimony or line of questioning concerning those documents, is **DENIED**; and it is further

    **ORDERED** that Plaintiffs' request that Defendants produce any of the publicly available documents they may use at the remaining depositions or on which they may rely is similarly **DENIED**.

                                      **LOIS H. GOODMAN**
                                      **United States Magistrate Judge**