**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
(212) 735-3000

**BANCROFT PLLC**
1919 M Street, N.W., Suite 470
Washington, DC 20036
(202) 234-0090

Attorneys for Plaintiffs
National Collegiate Athletic Association,
National Basketball Association, National
Football League, National Hockey League, and
Office of the Commissioner of Baseball doing
business as Major League Baseball

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey, *et al.*, <br><br> Defendants. | Civil Action No. 12-cv-4947 (MAS)(LHG) <br> Hon. Michael A. Shipp, U.S.D.J. <br> Hon. Lois H. Goodman, U.S.M.J. <br><br> **CERTIFICATION OF NAIMA M. STEVENSON OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO SEAL DOCUMENTS AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION TO SEAL** |

I, **NAIMA M. STEVENSON**, of full age, hereby certify as follows:

1. I am Associate General Counsel for the National Collegiate Athletic Association ("NCAA"). I am familiar with the confidential NCAA documents presently at issue in *NCAA, et al. v. Christie, et al.*, Civil Action Number 12-cv-4947, which is presently pending in the United

States District Court for the District of New Jersey, and I base this certification on personal knowledge.

2. I make this Certification in support of Plaintiffs' Cross-Motion to Seal and in further support of Defendants' Motion to Seal [document 77] as they relate to the following documents:

    a) Exhibit 17 to the Certification of Richard Hernandez, which is a copy of an NCAA National Study on Sports Wagering ("NCAA National Study");

    b) Exhibit 13 to the Certification of Peter Slocum, which is a copy of excerpts from the transcript of the October 30, 2012 deposition of Rachel Newman Baker, Managing Director of Enforcement for the NCAA, as the Rule 30(b)(6) designee of the NCAA, and Exhibit 1 to the Certification of Richard Hernandez, which is a copy of the entire deposition transcript ("Baker Deposition");

    c) Exhibit 8 to the Certification of Peter Slocum, which is a copy of excerpts from the transcript of the October 31, 2012 deposition of Mark Emmert, President of the NCAA, and Exhibit 2 to the Certification of Richard Hernandez, which is a copy of the entire deposition transcript ("Emmert Deposition");

    d) Exhibit 1 to the Certification of Peter Slocum, which is a copy of the November 21, 2012 "Expert Report of Professor Robert D. Willig," submitted by Defendants in this action ("Willig Report"); and

  e)  Exhibit 31 to the Certification of Richard Hernandez, which is a copy of the transcript of the November 30, 2012 deposition of Robert D. Willig ("Willig Deposition").

I understand that, based upon confidentiality designations made by Plaintiffs during discovery, Plaintiffs and/or Defendants have requested that these documents be filed under seal.

  3. The NCAA is a private entity with the fundamental purpose of maintaining intercollegiate athletics as an integral part of the educational program, and the athlete as an integral part of the student body through ensuring the integrity of intercollegiate athletics and preserving membership and public confidence in NCAA athletic competition.

### *Exhibit 17 to the Hernandez Certification: NCAA National Study*

  4. The NCAA has a legitimate interest that warrants an Order permitting Plaintiffs to file the NCAA National Study under seal. That study contains highly confidential proprietary business research and information with respect to a study of gambling activity by certain individuals involved in NCAA Men's Basketball.

  5. The public disclosure of the NCAA National Study would cause the NCAA serious injury because the information contained therein could damage the NCAA's reputation. Disclosure of this information could also cause competitive and financial harm to the NCAA.

  6. No less restrictive alternative to sealing the entirety of the NCAA National Study is available due to the entirety of the document containing highly sensitive information of which redaction is not practical.

### *Slocum Certification Exhibit 13/Hernandez Certification Exhibit 1: Baker Deposition and Slocum Certification Exhibit 8/Hernandez Certification Exhibit 2: Emmert Deposition*

  7. The NCAA has redacted the following pages and lines from the publicly filed version of the Baker Deposition and seeks to file the entire unredacted Baker Deposition under

3

seal: 51:16-52:8; 53:20-59:5; 61:17-62:20; 63:3-64:20; 65:6-13; 66:9-13; 68:4-6; 68:14-20; 71:8-12; 203:2-204:19; 239:13-242:21.

8. The NCAA has redacted the following pages and lines from the publicly filed version of the Emmert Deposition and seeks to file the entire unredacted Emmert Deposition under seal: 58:6-62:2.

9. The NCAA has a legitimate interest that warrants an Order permitting the parties to file the Baker Deposition and Emmert Deposition under seal. Portions of the redactions in the Baker Deposition and all of the redactions in the Emmert Deposition in the versions that were publicly filed with the Court contain information regarding ongoing NCAA investigations into alleged improprieties related to sports wagering.

10. Investigation of such allegations is central to the NCAA's fundamental purpose of ensuring the integrity of intercollegiate athletics and protecting student-athletes.

11. The public disclosure of these redacted portions of the Baker Deposition and Emmert Deposition can negatively impact the investigations that were discussed during the deposition along with the individuals and entities involved in those investigations. Public disclosure of the redacted portions of the Baker Deposition and Emmert Deposition can also impact future enforcement action by undermining the investigation process.

12. In addition, the remaining portions of the Baker Deposition that were redacted in the version publicly filed with the Court contain information regarding the NCAA National Study and two other highly confidential studies addressing the same subject matter with respect to certain individuals involved in NCAA Men's Baseball and NCAA Women's Basketball. The public disclosure of these redacted portions of the Baker Deposition would cause serious injury to the NCAA for the reasons discussed in Paragraphs 4 to 6 above.

13. No less restrictive alternative to sealing the Baker Deposition and Emmert Deposition is available due to the entirety of each redacted excerpt containing highly sensitive information of which less-inclusive redaction is not practical. The remainder of the depositions remain available for public viewing.

### *Slocum Certification Exhibit 1: Willig Report*

14. The NCAA has a legitimate interest that warrants an Order permitting Defendants to file the Willig Report under seal. Paragraph 57 of the Willig Report discusses specific incidents of point shaving scandals in intercollegiate athletics. Subparagraphs (e) and (f) discuss two particular incidents, and with respect to each states "I understand the investigation of this case is ongoing." That understanding is derived from those portions of the Baker Deposition that concerned ongoing NCAA investigations as to sports fixing and gambling (cited in the Willig Report footnotes 84 and 85). Accordingly, Defendants have redacted the statements and accompanying footnotes in the publicly available version of the Willig Report.

15. These portions of the Willig Report should be filed under seal for the reasons discussed above in Paragraphs 10 and 11.

16. No less restrictive alternative to sealing the Willig Report is available because the redacted excerpts contain highly sensitive information. Except for any other excerpts that I understand have been redacted by other Plaintiffs in this action, the remainder of the Willig Report remains available for public viewing.

### *Hernandez Certification Exhibit 31: Willig Deposition*

17. The NCAA has redacted the following pages and lines from the publicly filed version of the Willig Deposition and seeks to file the entire unredacted Willig Deposition under seal: 268:15 ("although")-24; 273:10-17.

5

18. The NCAA has a legitimate interest that warrants an Order permitting Plaintiffs to file the Willig deposition under seal. The above-cited portions of the Willig deposition that were redacted in the version publicly filed with the Court discuss those portions of the Baker Deposition that concerned ongoing NCAA investigations into alleged improprieties as to sports fixing and gambling.

19. These portions of the Willig Deposition should be filed under seal for the reasons set forth above in Paragraphs 10, 11, and 13.

20. No less restrictive alternative to sealing the Willig Deposition is available because the redacted excerpts contain highly sensitive information. Except for any other excerpts that I understand have been redacted by other Plaintiffs in this action, the remainder of the deposition remains available for public viewing.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

NAIMA M. STEVENSON

Dated: December 5, 2012