Bruce S. Rosen
Partner
brosen@pashmanstein.com
Direct: 201.488.4878



April 6, 2022

VIA ECF AND REGULAR MAIL

Hon. Lois H. Goodman, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *National Collegiate Athletic Association v. Christopher J. Christie,* Civ. No. 12- 4947

Dear Judge Goodman:

    I am writing in connection with the above-referenced matter on behalf of Pro Publica, Inc. ("ProPublica"), a nonprofit investigative newsroom that has won six Pulitzer Prizes, among many other accolades.  While looking into the topic of sports betting, a ProPublica journalist noticed that many court records that were submitted in connection with the parties' cross-motions for summary judgment in the above-referenced case, presided over by Judge Shipp, are still under seal or redacted after nearly a decade.  It appears that this may be due to an administrative error.  The Court apparently intended to unseal all of these records in 2012, except for four documents that the plaintiffs indicated they wanted to "withdraw."  ECF No. 144.

    Plaintiffs' counsel recently advised me that the party to which the four "withdrawn" court records pertain—the National Collegiate Athletic Association ("NCAA")—does not oppose unsealing these records.  *See* Exhibit A ("[I]f ProPublica moves to unseal the filings, you may state that the NCAA takes no position with respect to the motion—that is, the NCAA neither consents to it nor opposes it.").  And defense counsel, who were included in our correspondence, did not respond or express any interest in continued sealing.  Accordingly, ProPublica requests that the Court immediately (1) unseal all currently sealed court records and (2) unseal, in full, all records currently available only in redacted form, as set forth in Exhibit B.

    According to a letter submitted by the plaintiffs on Dec. 27, 2012, the Court properly anticipated the need for transparency in this important case.  ECF No. 115.  Prior to oral argument on Dec. 18, 2012, the Court apparently acknowledged pending motions to seal and directed that "no documents will be sealed in this case due to the case being of public import."  *Id*.  The Court did, however, advise the plaintiffs that they may, no later than Dec. 27,

Bell Works
101 Crawfords Corner Road
Suite 4202
**Holmdel**, NJ 07733
Phone: 732.852.2481
Fax: 732.852.2482
www.pashmanstein.com

Court Plaza South
21 Main Street
Suite 200
**Hackensack**, NJ 07601
Phone: 201.488.8200
Fax: 201.488.5556



April 6, 2022
Page 2

2012, "withdraw documents that they are not relying on and do not wish to be publicly filed." *Id.* Following the Court's December 21 ruling on the parties' cross-motions, the plaintiffs sought, and received permission, to belatedly "withdraw" four documents: three exhibits and their statement of undisputed material facts that had been submitted under seal and in redacted form in connection with their opposition to the defendants' cross-motion. *Id.* (identifying ECF Nos. 95-20, 95-4, 95-5, 95-2). Notably, the plaintiffs stated that, with the exception of these four documents, they would "withdraw any request to seal." ECF No. 115. The Court granted this request on March 5, 2013, ECF No. 144, without making any findings, although three of the four court records at issue remain in redacted form on the docket. ECF Nos. 95-4, 95-5, 95-2. The remaining court records that had been submitted by both parties under seal and in redacted form were apparently never unsealed, as the Court had intended.

The docket also reflects that the defendants expressed no interest in continued sealing. According to their motion to seal, they were obligated to submit their summary judgment papers in redacted form because they referenced certain material designated *by the plaintiffs* as confidential pursuant to a protective order governing discovery. ECF No. 77-1. The defendants' motion made clear that *the plaintiffs* "bear the burden of supporting the designation" and were required to submit a supplemental filing to support the motion to seal within three business days. *Id.* According to the docket, the defendants did not seek to "withdraw" or continue sealing any documents after the Court's instruction on Dec. 18.

As there has been no opposition from the parties, and the Court has already indicated that these records should be unsealed, we respectfully submit it should do so now; As the Court is well aware, the First Amendment and the common law rights of access overwhelmingly demand that these documents be unsealed.

As this Court has previously suggested, ECF No. 115, there is a "strong" and ongoing presumption of openness to judicial records. *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2011). The Third Circuit has repeatedly held that the common law presumption applies to records, like these, that are filed "in connection with nondiscovery pretrial motions." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993); *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 661 (3d Cir. 1991) (recognizing presumption of access to papers filed in connection with motion for summary judgment). Although the Third Circuit has not addressed whether a First Amendment right of access also applies to civil court records, at least one Third Circuit judge has properly held that it applies to "documents filed in connection with motions for summary judgment," following the Second and Fourth Circuits. *In re Avandia Mktg.*, 924 F.3d 662, 682–83 (3d Cir. 2019) (Restrepo, J., concurring in part and dissenting in part) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).



April 6, 2022
Page 3

    For good reason. Public access "promotes public confidence in the judicial system." *Leucadia, Inc.*, 998 F. 2d at 161 (quoting *Westinghouse Elec. Corp.*, 949 F.2d at 660). It "diminishes the possibilities for injustice, incompetence, perjury, and fraud," *id*., while "reinforc[ing] the democratic ideals of our society," *Westinghouse Elec. Corp.*, 949 F.2d at 664. "Public access provides greater opportunities for the public to become educated about the workings of the civil judicial process" and promotes the legitimacy of our court system. *Id*.

    It is well-settled that third parties, including members of the press, have standing to challenge the sealing of court records, even after the underlying case is over. *See, e.g.*, *Leucadia, Inc.*, 998 F.2d at 161 n.5 (recognizing third party's ability to intervene and move to unseal court records in closed case). "Even if the initial sealing was justified when there is a subsequent motion to remove such a seal, the district court should closely examine whether circumstances have changed sufficiently to allow the presumption [of] access to . . . prevail." *Miller*, 16 F.3d at 551-52.

    To overcome the presumption of access, the party seeking sealing, at a minimum, bears "the heavy burden" under the common law "of showing that the 'material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller,* 16 F.3d at 551 (quoting *Publicker Indus. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984)). Local Rule 5.3 similarly requires the party seeking sealing to demonstrate, among other things, "the clearly defined and serious injury that would result if the relief is not granted" and "why a less restrictive alternative" is not available. Local Rule 5.3(c)(3). Here, the parties do not oppose unsealing, and thus the presumption of access has not been rebutted.

    Moreover, as this Court has recognized, the public has a particularly powerful interest in accessing the court records in this high-profile case, involving both the state and federal government and the legality of sports betting in New Jersey. A related case led to the Supreme Court's landmark ruling in *Murphy v. NCAA*, 138 S. Ct. 1461 (2018), which struck down the federal ban on sports betting. Since then, sports betting has become legal in more than thirty states, making it a multi-billion-dollar industry in which millions of Americans participate. *See* Shawn Baldwin, *DraftKings and the push to legalize sports betting*, CNBC (Dec. 8, 2021), https://cnb.cx/3ul1UPR.

    Since the vast majority of these records were meant to be unsealed years ago, and there is no opposition to unsealing the remaining four records, we are submitting our request in the form of this letter. However, to the extent the Court would prefer ProPublica to submit a formal motion to intervene and unseal, we would be happy to do so.



April 6, 2022
Page 4

   We thank the Court for its consideration,

                 Respectfully submitted,

                 /s/Bruce S. Rosen

                 BRUCE S. ROSEN

BSR/fc
cc: All Counsel of Record
Attachments

# EXHIBIT A

## Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3067
DIRECT FAX
(917) 777-3067
E-MAIL ADDRESS
JORDAN.FEIRMAN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

March 18, 2022

**VIA E-MAIL**
Bruce S. Rosen, Esq.
Pashman Stein Walder Hayden P.C.
brosen@pashmanstein.com

RE: <u>NCAA et al. v. Christie et al., 12-cv-4947 (D. N.J.)</u>

Dear Mr. Rosen:

We are in receipt of your March 11 letter concerning ProPublica's intention to seek the unsealing of certain withdrawn filings in the above-referenced litigation. We have evaluated your request and determined that the materials to which you refer pertain solely to the National Collegiate Athletic Association ("NCAA").

The NCAA has authorized us to inform you that if ProPublica moves to unseal the filings, you may state that the NCAA takes no position with respect to the motion— that is, the NCAA neither consents to it nor opposes it.

We appreciate that you provided advance notice of the motion, and request that ProPublica provide the NCAA with any timeline(s) for publishing materials related to the *Christie* litigations, and/or advance notice of imminent publications with respect to that subject matter.

Regards,

*/s Jordan Feirman*

cc:  Jeffrey A. Mishkin, Esq.
     Anthony J. Dreyer, Esq.

1250564-NYCSR04A - MSW

# EXHIBIT B

EXHIBIT B

The following docket entries appear to be in redacted form or under seal:

76-1 (also under seal at 78-1),

76-2 (also under seal at 78-2),

76-5 (also under seal at 78-4),

76-9 (also under seal at 78-8),

76-14 (also under seal at 78-13),

76-15 (also under seal at 78-14),

76-16 (also under seal at 78-15),

76-17 (also under seal at 78-16),

76-18 (also under seal at 78-17),

76-19 (also under seal at 78-18),

76-20 (also under seal at 78-19),

76-24 (also under seal at 78-23),

76-27 (also under seal at 78-26),

76-28 (also under seal at 78-27),

76-34 (also under seal at 78-33),

76-35 (also under seal at 78-34),

76-37 (also under seal at 78-36),

76-40 (also under seal at 78-39),

76-41 (also under seal at 78-40),

76-42 (also under seal at 78-41),

76-43 (also under seal at 78-42),

76-44 (also under seal at 78-43),

76-45 (also under seal at 78-44),

76-46 (also under seal at 78-45),

76-47 (also under seal at 78-46),

76-50 (also under seal at 78-49),

76-51 (also under seal at 78-50),

78 (all under seal),

95 (also under seal at 96-11, refiled with "proper redactions" at 99),

95-1 (also under seal at 96-12),

95-2 (also under seal at 96-13),

95-4 (also under seal at 96-1),

95-5 (also under seal at 96-2),

95-6 (also under seal at 96-3),

95-10 (also under seal at 96-4),

95-12 (also under seal at 96-5),

95-20 (also under seal at 96-6),

95-23 (also under seal at 96-7),

95-24 (also under seal at 96-8),

95-26 (also under seal at 96-9),

95-34 (also under seal at 96-10),

96 (all under seal), and

99.