UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey, *et al.*,<br><br>                Defendants. | **BRIEF IN SUPPORT OF PRO PUBLICA, LLC'S MOTION TO INTERVENE AND UNSEAL**<br><br>Civil Action No. 12-cv-4947<br>Hon. Michael A. Shipp, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J.<br><br>**Motion Day:** June 6, 2022 |

## PRELIMINARY STATEMENT & BACKGROUND

Pro Publica, LLC ("ProPublica") is a nonprofit newsroom that publishes investigative journalism in the public interest. It has won six Pulitzer Prizes, among many other accolades. *See* propublica.org/awards. ProPublica respectfully requests that the Court (1) permit it to intervene in this matter for the limited purpose of seeking access to court records, and (2) immediately unseal all court records in this matter, as set forth in Exhibit B, that remain under seal either in whole or in part (in redacted form). It appears Judge Shipp intended to unseal the court record in this case in 2012, and the parties have not indicated any opposition to such unsealing. *See* ECF No. 115; Exhibit A.

1

According to a letter submitted by the plaintiffs on Dec. 27, 2012, Judge Shipp properly anticipated the need for transparency in this important case. ECF No. 115. He acknowledged pending motions to seal numerous documents filed in connection with the parties' cross-motions for summary judgment and then directed that "no documents will be sealed in this case due to the case being of public import." *Id*. Judge Shipp did, however, advise the plaintiffs that they may "withdraw documents that they are not relying on and do not wish to be publicly filed." *Id.* The plaintiffs subsequently sought, and received permission, to "withdraw" four documents but stated that—with the exception of these documents—they "withdraw any request to seal." *Id.* (identifying ECF Nos. 95-20, 95-4, 95-5, 95-2). Judge Shipp granted this request on March 5, 2013, although the remaining court records—that had been filed under seal in connection with the motions to seal that had been withdrawn—were apparently never unsealed as Judge Shipp had intended. ECF No. 144.

Plaintiffs' counsel recently advised that the party to which the four "withdrawn" court records pertain—the National Collegiate Athletic Association ("NCAA")—no longer seeks to keep these records sealed. *See* Exhibit A ("[I]f ProPublica moves to unseal the filings, you may state that the NCAA takes no position with respect to the motion—that is, the NCAA neither consents to it nor

opposes it."). Notably, three of these records were never actually withdrawn and remain on the docket in redacted form. ECF Nos. 95-4, 95-5, 95-2.

Defense counsel, who were included in ProPublica's correspondence with plaintiffs' counsel, did not respond or express any interest in continued sealing. The docket also reflects that the defendants expressed no interest in sealing in 2012. According to their motion to seal, they were obligated to submit their summary judgment papers in redacted form because they referenced certain material designated by the plaintiffs as confidential pursuant to a protective order governing discovery. ECF No. 77-1. The defendants' motion made clear that *the plaintiffs* "bear the burden of supporting the designation" and were required to support the motion to seal. *Id.* According to the docket, the defendants did not seek to "withdraw" or continue sealing any documents, as the plaintiffs did, after the Court's instruction that the record would otherwise be made public.

As there has been no opposition from the parties, and Judge Shipp has already indicated that these records should be unsealed, we respectfully request the Court should do so now.

## ARGUMENT

### I. PROPUBLICA HAS STANDING TO INTERVENE AND SHOULD BE PERMITTED TO DO SO.

The Third Circuit has "routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders"—including "sealing orders"—"in an effort to obtain access to information or judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) (finding that newspapers had standing to challenge confidentiality order). The sealing in this case has prevented ProPublica from accessing the court records set forth in Exhibit B, and thus ProPublica has standing to bring this challenge. *Id.* (explaining that newspapers only need to show that the sealing order being challenged "presents an obstacle" to their "attempt to obtain access" in order to demonstrate standing).

Further, courts routinely allow third parties to intervene in cases, under Federal Rule of Civil Procedure 24(b), "for the limited purpose of modifying a confidentiality or protective order even after the underlying dispute between the parties has been settled." *Id.* at 779 (collecting cases). In fact, "intervention to challenge confidentiality orders may take place long after a case has been terminated." *Id.* at 779; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 n.5 (3d Cir. 1993) (recognizing third party's ability to intervene

4

and move to unseal court records in closed case). Where—as here—news outlets "challenge the validity" of a sealing order, they have satisfied Rule 24(b)'s requirement "that their claim must have 'a question of law or fact in common' with the main action." *Id.* Local Civil Rule 5.3(c)(5) thus recognizes that any "interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) . . . to obtain public access to materials . . . filed under seal." Accordingly, the Court should permit ProPublica to intervene in this matter for the limited purpose of seeking access to court records.

## II. THE FIRST AMENDMENT AND COMMON LAW RIGHT OF ACCESS REQUIRE DISCLOSURE OF THE COURT RECORDS HERE.

As Judge Shipp implicitly recognized, there is a strong and ongoing presumption of openness to judicial records. *See, e.g.*, *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2011). "Even if the initial sealing was justified when there is a subsequent motion to remove such a seal, the district court should closely examine whether circumstances have changed sufficiently to allow the presumption [of] access to . . . prevail." *Miller*, 16 F.3d at 551-52.

Here, the First Amendment and common law rights of access overwhelmingly demand that these documents be unsealed. The Third Circuit has repeatedly held

that the common law presumption applies to records, like these, that are filed "in connection with nondiscovery pretrial motions." *Leucadia, Inc.*, 998 F.2d at 164; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 661 (3d Cir. 1991) (recognizing presumption of access to papers filed in connection with motion for summary judgment). The records here were filed in connection with the parties' cross-motions for summary judgment.

Although the Third Circuit has not addressed whether a First Amendment right of access also applies to civil court records, at least one Third Circuit judge has properly held that it applies to "documents filed in connection with motions for summary judgment," following the Second and Fourth Circuits. *In re Avandia Mktg.*, 924 F.3d 662, 682–83 (3d Cir. 2019) (Restrepo, J., concurring in part and dissenting in part) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

For good reason. Public access "promotes public confidence in the judicial system." *Leucadia, Inc.*, 998 F. 2d at 161 (quoting *Westinghouse Elec. Corp.*, 949 F.2d at 660). It "diminishes the possibilities for injustice, incompetence, perjury, and fraud," *id.*, while "reinforc[ing] the democratic ideals of our society," *Westinghouse Elec. Corp.*, 949 F.2d at 664. "Public access provides greater

opportunities for the public to become educated about the workings of the civil judicial process" and promotes the legitimacy of our court system. *Id.*

To overcome the presumption of access, the party seeking sealing, at a minimum, bears "the heavy burden" under the common law "of showing that the 'material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller,* 16 F.3d at 551 (quoting *Publicker Indus. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984)). Local Rule 5.3 similarly requires the party seeking sealing to demonstrate, among other things, "the clearly defined and serious injury that would result if the relief is not granted" and "why a less restrictive alternative" is not available. Local Rule 5.3(c)(3). Here, the parties do not oppose unsealing, and the presumption of access has not been rebutted.

Moreover, as Judge Shipp has recognized, the public has a particularly powerful interest in accessing the court records in this high-profile case, involving both the state and federal government and the legality of sports betting in New Jersey. These records will shed light on Judge Shipp's decision in this case and could also illuminate the Supreme Court's landmark ruling in a related case, *Murphy v. NCAA*, 138 S. Ct. 1461 (2018), which struck down the federal ban on sports betting. The Supreme Court's decision has had a significant impact on public life—

7

sports betting has become legal in more than thirty states, making it a multi-billion-dollar industry in which millions of Americans participate. *See* Shawn Baldwin, *DraftKings and the push to legalize sports betting*, CNBC (Dec. 8, 2021), https://cnb.cx/3ul1UPR. Transparency in the court cases leading to that decision is vital.

## CONCLUSION

Accordingly, since Judge Shipp meant to ensure public access to the court record in this case over nine years ago, and neither party seeks to keep any of these records under seal—including the four records intended to be "withdrawn" in 2012—ProPublica urges the Court permit it to intervene and to immediately unseal all records that remain under seal in whole or in part, as set forth in Exhibit B.

Respectfully submitted,

/s/ Bruce S. Rosen
Pashman Stein Walder Hayden, P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
T: (201) 488-4878
F: (201) 488-5556
brosen@pashmanstein.com

Date:   April 28, 2022